**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Federico Pichardo Aguilar,<br><br>Plaintiff,<br><br>v.<br><br>Aylin Xomara Bernal Millan,<br><br>Defendant. | No. CV-25-00509-PHX-SMB<br><br>**ORDER** |

The Court now considers Plaintiff Kevin Federico Pichardo Aguilar's Motion for Attorneys' Fees and Costs. (Doc. 57). For the following reasons, the Court **grants in part** Plaintiff's Motion.

**I.    BACKGROUND**

This case involved an international custody dispute between Plaintiff ("Father") and Defendant Aylin Xomara Bernal Millan("Mother") over J.A.P.B., their minor child. (Doc. 46 at 1.) Father filed a Petition seeking to have J.A.P.B. returned to Mexico. (Doc. 1). Following a bench trial, the Court granted Father's Petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*, which implements the Convention. (Doc. 46 at 12.) The Court also ordered that "pursuant to Article 26 of the Convention and 22 U.S.C. § 9007, Father shall submit his request for reasonable attorneys' fees and costs associated with this action." (*Id.*) Father now moves for attorneys' fees and costs in the amount of $10,455.35. (Doc. 57 at 1.)

## II. LEGAL STANDARD

Article 26 of the Convention provides that, upon ordering the return of a child, the Court "may, where appropriate, direct the person who removed or retained the child . . . to pay necessary expenses incurred by or on behalf of the applicant." Similarly, ICARA provides that a court ordering the return of a child under the Convention "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including . . . legal fees . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).

"While the Ninth Circuit has not defined the contours of the 'clearly inappropriate' exception, various Circuit Courts of Appeals have concluded that district courts hold broad discretion and may consider equitable principles in assessing the appropriateness of a fee award in ICARA cases." *Elkhaiat v. Mawashi*, No. CV-24-02800-PHX-SPL, 2025 WL 3144177, at *2 (D. Ariz. July 17, 2025). Still, courts generally consider the following when assessing whether an award of fees would be "clearly inappropriate: "the reasonableness of the respondent's basis for removing the children"; "the financial circumstances of the respondent and whether an award of fees would interfere with the respondent's ability to care for the minor children"; and "whether the prevailing party has financially neglected the children or been physical or mentally abusive." *Radu v. Shon*, No. CV-20-00246-TUC-RM, 2021 WL 1056393, at *2 (D. Ariz. Mar. 19, 2021). "Courts in the District of Arizona have declined to award attorneys' fees based on the limited financial means of the respondent and the abuse and financial neglect of the petitioner." *Id.* (citing cases).

## III. DISCUSSION

Mother contends that the requested fees are "clearly inappropriate" based almost entirely on financial hardship.[1] (Doc. 63 at 4.) While Mother does not substantively argue that the requested fees are inappropriate on any other basis, the Court notes that this case

---

[1] Mother argues that "Plaintiffs counsel pursued extensive filings and motion practice, which substantially increased fees" and that "[s]ome billing entries reflect duplicative or unnecessary work." (*Id.* at 2.) Mother does not make any further arguments on this point or point the Court to any particular examples of duplicative or unnecessary billing entries.

- 2 -

lacks many of the indicia that typically make a fee award inappropriate.  Here, Father saw J.A.P.B "nearly every day," provided J.A.P.B with significant financial support, and there was no credible evidence suggesting that Father was abusive. (Doc. 46 at 7); *Contra Radu*, 2021 WL 1056393, at *3–4 (finding that fees were clearly inappropriate based on financial neglect, abusive behavior, and the fact that the respondent was the child's primary caregiver).

The Court also notes that Father's requested $10,455.35 in attorneys' fees and costs is relatively modest.  Courts in this Circuit have been confronted with, and granted, far greater requests in similar cases. *See, e.g.*, *Ciampa v. Nichols*, No. 8:24-CV-02556-DOC-ADS, 2025 WL 1358488, at *4 (C.D. Cal. Apr. 3, 2025) (awarding a petitioner over $160,000 in fees under § 9007(b)(3)); *Efthymiou v. LaBonte*, No. 22-CV-04694-VC, 2023 WL 3611362, at *4 (N.D. Cal. May 24, 2023) (awarding over $85,000).

Although Father's requested relief is relatively modest, the Court will exercise its "broad discretion" and will award a reduced fee in light of Mother's indigent status. *See LaSalle v. Adams*, No. CV-19-04976-PHX-DWL, 2019 WL 6135127, at *11 (D. Ariz. Nov. 19, 2019) (noting that § 9007(b)(3) creates a "duty to order the payment of necessary expenses and legal fees," subject to the district court's broad discretion (citation modified)).  Mother contends that she has little in the way of financial resources; Father does not contest this assertion.  Mother avers that she makes approximately $1,500 a month and pays approximately $1,400 a month in necessary expenses. (Doc. 63 at 5.)  However, Mother's financial status does not make Father's requested fees "clearly inappropriate" under § 9007(b)(3).  Accordingly, the Court will order Mother to pay Father $1,000.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting in part** Plaintiff's Motion for Attorney's Fees and Costs.

…

1   **IT IS FURTHER ORDERED** that Defendant is directed to pay $1,000 to Father.

2   Dated this 29th day of January, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge